UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William F. Martin, Jr., | ) C/A No.: 0:12-54-RBH-BM |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Kevin Scott Brackett, | ) |
| Defendants. | ) |

Plaintiff, a former prisoner proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. The named Defendant is the Solicitor of the Sixteenth Circuit for the State of South Carolina, Kevin Scott Brackett. This is the third time this Plaintiff has filed a case against Solicitor Brackett. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F. 2d 1295, 1296 (5th Cir. 1970)(the court may take judicial notice of its own records); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954)(approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties); and *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

In his Complaint, Plaintiff complains about his 2007 York County marijuana conviction. He alleges the State never proved that he possessed the marijuana, that the information used to secure a warrant was falsified, and claims the state court did not have jurisdiction over him because the marijuana was found in Chester County not Union County. The record reflects that Plaintiff was re-sentenced after a 2008 post-conviction relief hearing. He filed a motion for bond and received an

1



order that he should be released after posting $50,000.00. Plaintiff alleges he posted the required amount on April 17, 2009 but was not released until July 1, 2009 in violation of his due process rights.[1]

Plaintiff seeks damages for the 26 months he was incarcerated, and for "the stress, mental harm of wearing a monitoring device, and paying the amount of $400.00 per month for a period of 17 months, exemplary damages because of the wanton, reckless, malicious, or oppressive character of the acts, complained of, and by way of punishment of defendant as a deterrent to others."

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court also is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by

---

[1] Plaintiff has raised this claim in prior cases filed in this court. *See Martin v. S.C. Department of Corrections Headquarters*, Civil Action No. 9:11-829-RBH-BM (D.S.C. 2011).



attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even when considered under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

First, insofar as the plaintiff's conviction and related state court proceedings are concerned, the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, *supra*. *See also Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and *Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995)(*per curiam*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996). *Accord Smith v. Holtz*, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); *Burnside v. Mathis*, 2004 WL 2944092 (D.S.C. 2004). Plaintiff has failed to establish that his conviction has been

3



reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued. Consequently, this action must be dismissed for failure to state a claim.

Moreover, to the extent the plaintiff seeks damages for alleged "unjust incarceration" from the Defendant, Plaintiff's Complaint is barred by the well-established legal doctrine of prosecutorial immunity. In this Circuit, it is well settled that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377 (4th Cir. 1996). *See also Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Hence, Solicitors have absolute immunity for their prosecution-related activities in, or connected with, judicial proceedings. Absolute immunity "...is available for conduct of prosecutors that is 'intimately associated with the judicial phase of the criminal process.'" *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993*) citing Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). *See also Burns v. Reed*, 500 U.S. 478 (1991). As for the delay Plaintiff is alleged to have experienced in being released on bond, the Complaint contains no factual allegations whatsoever that this Defendant had anything to do with this claim.

## Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

January 27, 2012  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

***Plaintiff's attention is directed to the important notice on the next page***.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

