IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| William F. Martin, Jr., ) | Civil Action No.: 0:12-cv-00054-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Kevin Scott Brackett, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant.[1] Plaintiff William F. Martin Jr., proceeding *pro se*, filed this action against Defendant Kevin Scott Brackett, the Solicitor for the Sixteenth Judicial Circuit of South Carolina. In the R&R, the Magistrate Judge recommends that the Court dismiss Plaintiff's complaint *without prejudice* and without the issuance of process.

**Factual Background and Procedural History**

Plaintiff filed this action on January 5, 2012, alleging the following facts. Compl., ECF No. 1. On May 3, 2007, Plaintiff entered a guilty plea in circuit court in York County, South Carolina, to multiple charges, including the charge of possession of marijuana with intent to distribute, third offense. Plaintiff's appointed public defender allegedly advised Plaintiff to enter a guilty plea and informed Plaintiff that he could receive up to twenty-four years' imprisonment if the case proceeded to trial. Opting to proceed with the guilty plea, Plaintiff was sentenced to eight years' imprisonment

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2). The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

for the "no-parole" offense, which required him to serve at least 85% of his sentence. Plaintiff complains that Defendant, the prosecuting attorney, never proved that marijuana was found in his possession. He further alleges that Defendant erroneously prosecuted him in a county without jurisdiction based on the false statements of the arresting officer.

Plaintiff's sentence was later vacated in a post-conviction relief hearing in October 2008 on the grounds that the charge he pleaded guilty to was his second, not his third, offense. Plaintiff was subsequently released, after a seventy-three-day wait, on bond and electronically monitored—a cost of $400 per month to Plaintiff—for seventeen months. The circuit court modified Plaintiff's bond conditions in November 2008, releasing him from electronic monitoring. On March 7, 2012, Plaintiff was re-sentenced to twenty-six months' imprisonment and given credit for time served. Plaintiff claims that Defendant's actions violated his due process rights under the Fourteenth Amendment. He seeks monetary damages, including punitive damages.

The Magistrate Judge issued his R&R on January 27, 2012, R&R, ECF. No. 11, and Plaintiff filed timely objections to the R&R, Pl.'s Objs., ECF No. 13.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a

2

party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **Discussion**

The Magistrate Judge recommends dismissing Plaintiff's complaint *without prejudice* and without the issuance of process. First, the Magistrate Judge, construing Plaintiff's action as one under 42 U.S.C. § 1983, concludes this action should be summarily dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) (barring a § 1983 claim that relates to a conviction or sentence unless a plaintiff's "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"). Second, dismissal is recommended based on prosecutorial immunity. R&R 3-4.

Plaintiff clarifies in his objections that his claim is chiefly one for malicious prosecution. He contends that his claim was properly filed under *Heck* because a PCR court vacated his sentence, and the South Carolina Supreme Court declined to review the decision. Pl.'s Objs. 2, 5. As noted above, the Court must conduct a *de novo* review of each portion of the R&R that was properly objected to, and the Court agrees that *Heck* is not applicable as a bar to Plaintiff's claim—but not for the reasons stated by Plaintiff.

3

Petitioner is no longer a prisoner. The Fourth Circuit has held that a *former* prisoner bringing a § 1983 claim relating to the validity of his conviction or sentence, without the availability of habeas relief, is left with only § 1983 to enforce his constitutional rights. *Wilson v. Johnson*, 535 F.3d 262, 267-68 (4th Cir. 2008). Given that the Supreme Court's concerns expressed in *Heck*, which stemmed from the conflicts between § 1983 and habeas relief, no longer exist, a bar to a former prisoner's § 1983 claim is unnecessary and inconsistent with the purpose of § 1983. *Id.* Of course, the statute of limitations remains as a bar to any claim. *See* 42 U.S.C. § 1988(a); *see also Wallace v. Kato*, 549 U.S. 384 (2007) (affirming that the statute of limitations is not tolled during the period that *Heck*'s "favorable termination" requirement is applicable).[2] Although the Plaintiff does not allege that he is a former prisoner, the Court is mindful that Plaintiff has submitted his claims on a *Pro Se* [Non-Prisoner] Complaint Form. Furthermore, the Court may take judicial notice that Plaintiff is no longer imprisoned.[3]

In light of *Wilson* and the fact Plaintiff is no longer in prison, the Court cannot agree with the Magistrate Judge that *Heck* requires summary dismissal. But that does not end the analysis; the Court must note its basis for dismissing a previous action by Plaintiff against Defendant, raising the same issue. There, this Court dismissed the action *without prejudice* because Plaintiff did "not allege that Defendant . . . was not performing a function normally performed by prosecutors before or during the hearing." Order, Martin v. Brackett, No. 9:09-cv-00792-RBH, at 4 (D.S.C. Nov. 13, 2009). The Court continued, "The record does not indicate that the comments made or actions

---

[2] The Court notes that it is questionable whether Plaintiff's claim is barred by the statute of limitations.

[3] Not only has Plaintiff provided a non-prison address, but he is no longer listed as a prisoner on the South Carolina Department of Corrections' website. Given this available information, judicial notice is proper. Fed. R. Evid. 201(b)(2).

taken by Defendant . . . violated any clearly established statutory or constitutional rights of the Plaintiff." *Id.*

In the complaint here, Plaintiff alleges he was coerced into pleading guilty by Defendant. Furthermore, he alleges the following:

> [Defendant] avoid a Jurisdiction issue because the Marijuana in question was in fact found in Chester County, South Carolina and the arrested officer made false statements about the Marijuana and stated it was found in Carlisle Community in Union County to secure a warrant signed by the judge in Union County that did not has Jurisdiction to sign a Warrant for a crime that occurred in another county.

Compl. 4. The Magistrate Judge applied the doctrine of prosecutorial immunity as an additional ground in recommending dismissal of Plaintiff's complaint. Plaintiff's objections to this ground, however, consist only of new allegations of conduct by Defendant, and he cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant. *See* 28 U.S.C. § 636(b)(1)(C) (providing that objections must be to the "proposed findings and recommendations" of the Magistrate Judge); Fed. R. Civ. P. 72(b)(2) (same). Thus, these new allegations do not merit *de novo* review. Regardless, even assuming Plaintiff's objections were proper, the allegations in his complaint, noted above, fail to show conduct by Defendant that would subject Defendant to liability for damages under § 1983. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (holding that prosecutors are absolutely immune from a § 1983 action for damages for conduct "intimately associated with the judicial phase of the criminal process."). The Court, therefore, finds no error in the Magistrate Judge's overall recommendation despite his application of *Heck*.

## **Conclusion**

The Court has thoroughly reviewed the entire record, including the R&R, objections to the R&R, and applicable law. For the reasons stated above, the Court adopts the R&R of the Magistrate Judge as modified.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint be **DISMISSED** *without prejudice* and without the issuance of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

June 26, 2012
Florence, South Carolina